**THE IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**
**CASE NO.:____________________**

| | |
|---|---|
| **Thelma and Cleveland Sanders,**<br><br>**Plaintiff(s),**<br><br>**vs.**<br><br>**United States Postal Service,**<br><br>**Defendant.** | **COMPLAINT** |

COMES NOW, Thelma and Cleveland Sanders, hereinafter known as Plaintiffs, and files this Premises Liability action for tortious acts committed by the United States Postal Service, hereinafter known as Defendant, as more fully set forth herein:

**PARTIES, JURISDICTION AND VENUE**

1. At all times relevant to this Complaint, the Plaintiffs, Thelma and Cleveland Sanders, are citizens and residents of Horry County, South Carolina.

2. Upon information and belief, the United States is a proper defendant under the provisions of 28 U.S.C. § 1346 (the Federal Tort Claims Act), hereinafter referred to as the FTCA. Pursuant to the FTCA, the United States is subject to suit "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

3. This court has jurisdiction of the matter pursuant to 28 U.S.C. § 1346(b)(1).

4. The acts and omissions which are the subject of this complaint occurred in the District of South Carolina, in Horry County, South Carolina at the Myrtle Beach United States Post Office.

## FACTUAL ALLEGATIONS

5. On January 6, 2025, Plaintiff, Thelma Sanders, visited the Myrtle Beach South Carolina Post Office, located at 505 N. Kings Highway, Myrtle Beach, South Carolina 29577.

6. Upon entering the building, Ms. Sanders fell just inside the door, tripped over a floor mat whose edge was improperly curled up or folded over itself near the threshold of the door.




7. This floor mat and its curled edge constituted an unsafe or dangerous condition for which the Myrtle Beach Post Office employees, agents or servants were aware.

8. Ms. Sanders foot became caught up under the curled edge of the floor mat causing her to trip and fall to the floor.

9. Although cameras were mounted on the walls facing the direct location of the postal entrance and thus the area of Ms. Sanders' fall, a FOIA request was returned stating the cameras were not connected and therefore not working at the time of the incident.



In response to your inquiry regarding the existence any video relating to this incident, please be advised that a diligent inquiry was made with the United States Postal Inspection Service and no video footage exists.

Sincerely,

Jeremy I. Smoek
Paralegal Specialist
314-345-5868

10. Immediately after falling, Ms. Sanders was assisted by another postal customer.

11. This witness provided the postal employees with a statement as to the condition of the floor mat which caused Ms. Sanders's subsequent fall. The FOIA request also produced the witness statement whose name was redacted by the post office.

Name: [redacted]
Number: [redacted]

I was walking in the post office and immediately saw her fall. Her foot was caught under the rug and she fell on her left knee, she then rolled over and the back of her head touched the ground. It was not hard and there was no slam but it still made contact.

12. Therefore, with the lack of fully operational cameras and the redaction of the witness's name, the Myrtle Beach post office effectively halted any further investigation into this incident.

13. The Plaintiffs filed a Form-95 with the USPS Tort Claims Office and provided the requested medical records and bills. The Form-95 was delivered on October 21, 2025.

14. Six (6) months have passed since the delivery of the Form-95 and the Defendant has not responded or otherwise answered the Form-95.

15. As a result of the fall, Ms. Sanders suffered injury to her person has and will in the future require her to spend money for medical bills, has and will in the future cause her pain and suffering, has and will in the future cause her to lose quality of life, has and will in the future cause her to lose enjoyment of life, has and will in the future cause her permanent impairment, and will in the future cause her to suffer pain, suffering, anxiety, fear and humiliation.

16. Ms. Sanders has suffered damages in the amount to be determined by court or jury. Plaintiffs are informed and believe they are entitled to actual damages for Ms. Sanders' injuries, all of which have been caused by the Defendant.

**FOR A FIRST CAUSE OF ACTION**
**(Negligence and/or Gross Negligence)**

17. Plaintiff re-alleges all previous allegations as though fully set forth herein.

18. Defendant owed a duty to Plaintiff to keep their premises in a safe and reasonable condition and free from latent defects or any other unsafe or dangerous conditions.

19. Defendant breached its duty to Plaintiff, and were willful, wanton and grossly negligent in one or more of the following ways:

a. In failing to maintain the premises in a safe condition;

b. In failing to properly inspect the facility premises;

c. In failing to properly clean the doorways, lobby, and floors from latent defects;

d. In failing to warn the Plaintiff of defects in the doorways, lobby, and floors;

e. In creating a latent defect on the premises so as to unnecessarily endanger customers and patrons of this United States Postal Office;

f. In failing to comply with its own codes, guidelines, policies and procedures, if any it had, regarding the existence, creation and removal of defects in the doorway, lobby, and floors;

g. In failing to use the degree of care that a reasonable and prudent public facility would use under the same and similar circumstances.

h. And such other particulars as the evidence at trial may show.

All of the above acts and omissions of the Defendant were the direct and proximate cause of the injuries and damages suffered by the Sanders.

20. The Plaintiffs' are informed and believe that they are entitled to judgment against the Defendant for all available damages in an amount to be determined by a jury.

**FOR A SECOND CAUSE OF ACTION**
**(Loss of Consortium)**

21. The above-listed allegations are hereby incorporated as if state herein.

22. At the time of Mrs. Sanders' injuries, Mr. and Mrs. Sanders were married to each other and remain so today.

23. As a result of the wrongful and negligent acts of the Defendant as set forth above. Plaintiffs were caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

24. That all aforesaid injuries and damages were caused solely and proximately by the negligence of the Defendant.

25. Mr. and Mrs. Sanders are informed and believe they are entitled to actual and punitive damages as a result of Mrs. Sanders' husband's loss of consortium.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this court Order judgment against the Defendant in such an amount as this Court may determine proper, for reasonable costs associated with this action, as well as any other interest and fees to which Plaintiffs and/or Plaintiffs' counsel may otherwise be entitled, and for all other relief in law and equity which this court deems just and proper.

Respectfully submitted this 2nd day of September 2026.

***(signature page follows)***

Respectfully submitted,

**LYLE LAW FIRM, LLC**

_s/Todd R. Lyle________________
**Todd R. Lyle (**Federal I.D. No.: 12656)
305 North Lake Drive
Lexington, South Carolina 29072
803-770-0701
803-590-3265 (Facsimile)
Todd@LyleLawSC.com
***Attorney for the Plaintiffs***

Lexington, South Carolina
August 31, 2026